IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| ROBYNE D. McKINNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15-CV-4119-C-DGK-SSA |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff Robyne D. McKinney petitions for review of an adverse decision by Defendant, the Acting Commissioner of Social Security ("Commissioner"). Plaintiff applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434, and for supplemental security income under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f. The administrative law judge ("ALJ") found Plaintiff had multiple severe impairments including Raynaud's disease, depression, and anxiety, but retained the residual functional capacity ("RFC") to perform work as a hand packager, mail clerk, or housekeeper. The ALJ thus found her not disabled.

As explained below, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is therefore AFFIRMED.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed the pending applications on January 18, 2012, alleging a disability onset date of September 8, 2011. The Commissioner denied her applications at the initial claim level.

The ALJ heard her case but issued an unfavorable decision. The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. §§ 405(g), 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). This five-step process considers whether: (1) the claimant is employed; (2) she is severely impaired; (3) her impairment

2

Case 2:15-cv-04119-DGK   Document 16   Filed 02/12/16   Page 2 of 5

is, or is comparable to, a listed impairment; (4) she can perform past relevant work; and (5) she can perform any other kind of work. *Andrews*, 791 F.3d at 928.

Plaintiff argues there is not substantial evidence in the record as a whole supporting the ALJ's decision because, in assessing her RFC at Step Four, the ALJ did not appropriately consider the medical opinions of Elizabeth A. Geden, FNP ("Nurse Geden"), and Mark W. Schmitz, M.S. ("Mr. Schmitz"). Nurse Geden and Mr. Schmitz each opined that Plaintiff's mental impairments posed functional limitations more severe than what the ALJ found.

The ALJ must rely on the medical evidence to determine a claimant's RFC. *Lacroix v. Barnhart*, 465 F.3d 881, 887 (8th Cir. 2006). "Since the ALJ must evaluate the record as a whole, the opinions of treating physicians do not automatically control." *Bernard v. Colvin*, 774 F.3d 482, 487 (8th Cir. 2014). The ALJ may discount or disregard a treating physician's opinion "where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Andrews*, 791 F.3d at 928. "[T]he ALJ must give good reasons for the weight apportioned." *Id.*

Nurse Geden assessed a litany of mental restrictions on Plaintiff's RFC, but the ALJ gave "good reasons" for discounting those opinions. First, because Nurse Geden is a family nurse practitioner, the ALJ had considerable discretion to reject her opinions. *See Lacroix*, 465 F.3d at 885 (holding that nurse practitioners are "other sources" and thus merit less weight than "acceptable medical sources").

Second, the more severe of Nurse Geden's opinions contradict other medical opinions in the record. *See Andrews*, 791 F.3d at 928 (permitting an ALJ to disregard medical assessments when the clinician "renders inconsistent opinions that undermine the credibility of such

3

opinions"); *Turpin v. Colvin*, 750 F.3d 989, 994 (8th Cir. 2014) (permitting an ALJ to disregard medical assessments that conflict with other clinicians' opinions). For example, she believed that Plaintiff had minimal ability to maintain personal appearance, behave in an emotionally stable manner, or demonstrate reliability. R. at 395. But she repeatedly noted that Plaintiff was appropriately dressed. R. at 357, 397, 404. Similarly, Mr. Schmitz noted good grooming and hygiene, R. at 397, and Jairam Das, M.D., noted that Plaintiff was cooperative and demonstrated normal speech, R. at 471.

Third, Nurse Geden's opinions are not internally supported. *See Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001) (permitting an ALJ to discount a medical-source statement was not "supported by any objective testing or reasoning which would indicate why the claimant's functioning need be so restricted"). For example, she opined that Plaintiff needed to be absent from the workplace more than two days per month. R. at 444. However, she never explained the basis for this opinion. Therefore, the ALJ did not err in declining to give her opinions substantial weight.

Mr. Schmitz determined in January 2013 that Plaintiff had a mental disability likely to interfere significantly with her ability to maintain employment for a period likely to last at least thirteen months or more. R. at 400. He assigned her a Global Assessment of Functioning score of 38, indicating severe mental dysfunction. Am. Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* 34 (4th ed. rev. 2000).

The ALJ properly gave little weight to these opinions. First, Mr. Schmitz saw Plaintiff at a time when she was not taking her medications and was experiencing a temporary worsening of her symptoms. *See Bernard*, 774 F.3d at 488 ("[G]iving controlling weight to the opinions of

Graff and Dr. Johnson is unjustified because neither had the opportunity to assess Todd when he was following a prescribed treatment plan, including taking his medication and staying sober.").

Second, Mr. Schmitz's opinion does not indicate that he *observed* significant abnormalities in Plaintiff's mental status. Rather, his opinion appears to be based almost entirely on Plaintiff's subjective complaints. *See Vandeboom v. Barnhart*, 421 F.3d 745, 749 (8th Cir. 2005) (upholding the ALJ's decision to disregard a doctor's opinion that was "based largely on [the claimant's] subjective complaints with little objective medical support").

Reviewing all this record evidence, a reasonable mind could agree and reject Nurse Geden's and Mr. Schmitz's opinions. Plaintiff argues that her own subjective complaints and her daughter's third-party function report bolster those opinions, but the ALJ properly gave minimal weight to that evidence. R. at 18–21.

## Conclusion

Because substantial evidence on the record as a whole supports the ALJ's opinion, the Commissioner's decision denying benefits is AFFIRMED.

**IT IS SO ORDERED.**

Date:  February 12, 2016              /s/ Greg Kays
                                    GREG KAYS, CHIEF JUDGE
                                    UNITED STATES DISTRICT COURT